J.T. Klaus, Bond Counsel City of Mulvane 2959 North Rock Road, Suite 300 Wichita, Kansas 67226
Dear Mr. Klaus:
As Bond Counsel for the City of Mulvane, you inquire whether K.S.A. 2001 Supp. 79-5040, which suspends statutory fund mill levy rate limitations, applies to the one mill incremental levy limitation levied on behalf of recreation commissions.[1]
K.S.A. 12-1927(a), as amended by L. 2002, Ch. 176, § 2, states in part:
"[Whenever] the recreation commission determines that the tax currently being levied for the commission, as previously established by the city or school district, is insufficient to operate the recreation system and the commission desires to increase the mill levy above the current levy, the commission shall request that the city or school district authorize an increase by adopting a resolution declaring it necessary to increase the annual levy. The city or school district may authorize theincrease by resolution, but such increase shall notexceed one mill per year. The maximum annual mill levy for the recreation commission general fund shall not exceed a total of four mills."[2]
K.S.A. 2001 Supp. 79-5040 states in part:
"In 1999, and in each year thereafter, all existingstatutory fund mill levy rate and aggregate levy ratelimitations on taxing subdivisions are hereby suspended."[3]
We are cognizant of the rule of statutory interpretation that when a statute's language is plain and unambiguous, a court should follow the intent expressed rather than determining what the law should or should not be.[4] K.S.A. 2001 Supp. 79-5040 clearly states that all statutory fund mill levy rate limitations are suspended. The one mill levy limitation referred to in K.S.A. 12-1927(a) is a "statutory fund mill levy rate limitation," and, therefore, is suspended as is the four mill maximum rate limitation also mentioned in the statute.
Our opinion is buttressed by the origins of K.S.A. 2001 Supp. 79-5040
which began life as Section 53 of 1999 Senate Bill 252 — later incorporated into the Tax Reform and Relief Act of 1999.[5] Testimony from the League of Kansas Municipalities[6] recounted that when the Legislature ordered real property reappraisal in 1985, it also created an aggregate tax lid in order to assuage taxpayers who feared that their real property taxes would skyrocket.[7] When this "tax lid" law was enacted, "all existing statutory fund mill levy rates" were suspended until July 1, 1999 when the tax lid law was set to expire.[8] During the 1999 legislative session, the League and the Kansas Association of Counties[9] argued successfully that the mill levy rate limitations that were scheduled to be revived on July 1, 1999 would create problems for municipalities that had exceeded those rates in reliance upon the provisions of the aggregate tax lid law, some of which allowed exemptions from the lid's restrictions. Moreover, they argued that tax lid laws had outlived their usefulness and that local officials should be held accountable for the level of property taxes.[10]
Also discussed in the legislative committee, without resolution, were the logistics of amending the numerous statutes that contain individual mill levy limitations. The minutes do not reflect any discussion regarding treating incremental mill levies such as the recreation commission's one mill levy rate, differently from maximum rate limitations such as the recreation commission's four mill rate.[11] If the Legislature had wanted to treat statutory mill levies differently, it could have done so by amending each statute that contains both incremental and maximum levy rates. Instead, the Legislature chose to suspend "all" statutory fund mill levy rate limitations.[12]
We also note that if a city or school district authorizes, on behalf of the recreation commission, any increase above the current levy, the city/school district must adopt a resolution which is published in the official newspaper.[13] If the voters object to the increase and file a timely and sufficient petition with the county election officer, the increased levy cannot occur without an election.[14] Thus, the electorate has a mechanism for challenging any increase — whether it be less than one mill or more than one mill.
Finally, you inquire whether a recreation system created pursuant to K.S.A. 12-1922 et seq. is a "taxing subdivision" pursuant to K.S.A. 2001 Supp. 79-5040.[15] The recreation commission does not actually levy the tax. Rather, the commission certifies its budget to either the city or the school district which then levies the tax.[16]
In Attorney General Opinion No. 87-167, Attorney General Robert T. Stephan concluded that the "tax lid law"[17] applied to political or governmental subdivisions that have the power to require another governmental agency to levy a tax on the former's behalf.[18] Because the then "tax lid" law included the suspension of all statutory fund mill levy rate limitations,[19] it follows that the mill levy rate limitations for these governmental subdivisions would also be suspended.
In Attorney General Opinion No. 99-27, we reviewed the Tax Reform and Relief Act of 1999[20] which includes the current mill levy suspension, K.S.A 2001 Supp. 79-5040, to determine whether a library board is a "taxing subdivision" for purposes of K.S.A. 2001 Supp.79-2925b.[21] Reiterating Attorney General Stephan's conclusion,[22]
we opined that a public library that has the power to require another governmental entity to levy a tax on its behalf is a "taxing subdivision" for purposes of the "tax lid law" and, therefore, its governing body, before approving a budget which provides for funding from property tax revenue in an amount exceeding the previous year's budget, must adopt a resolution approving the increase.
Because both of these provisions in the Tax Reform and Relief Act of 1999[23] refer to "taxing subdivisions," it is our opinion that they should be construed to have the same meaning.[24] Therefore, if a recreation commission can require a governmental entity to levy a tax on its behalf, the recreation system is a "taxing subdivision" for purposes of the mill levy suspension statute, K.S.A. 2001 Supp. 79-5040.
In order to make this determination, we review the applicable statutes that address the relationship between a recreation commission and the levying entity, which can be either a city or a school district.[25]
"Any city or school district may establish a system of public recreation in the manner provided by this act. [Any] city or school district may establish, independently or jointly, a recreation system. [The] operation of the recreation system . . . shall be delegated to a recreation commission. . . ."[26]
"The recreation commission shall prepare an annual budget for the operation of the recreation system. Prior to the certification of its budget to the city or school district, the recreation commission shall meet for the purpose of answering and hearing objections of taxpayers. . . . After such hearing the budget shall be adopted . . . by the recreation commission."[27]
"[In] order to provide funds to carry out the provisions of this act . . . the recreation commission shall annually . . . certify its budget to such city or school district which shall levy a tax sufficient to raise the amount required by such [recreation commission] budget on all the taxable tangible property within the taxing district. . . . The city or school district shall not berequired to levy a tax in excess of the maximum tax levyset by the city or school district by currentresolution."[28]
Should the recreation commission desire an increase in the mill levy, it must request an increase from the levying entity which can be denied.[29]
In Attorney General Opinion No. 87-167, the library board could require a municipality to "annually levy a tax . . . in such sum as the library board shall determine" with the municipality having no power to deny or modify the library board's request. Because the municipality had no discretion, Attorney General Stephan concluded that the library was a "taxing subdivision" for purposes of the "tax lid" law. The tenor of subsequent Attorney General opinions is that if a levying entity has any control over the amount to be levied, it is the levying entity that is the "taxing subdivision" for purposes of the "tax lid" law rather than the entity making the request.[30] With a recreation system, a city or school district is obligated to "levy a tax sufficient to raise the amount required by [the recreation commission's] budget."[31] However, the city or school district does not have to levy a tax greater than the tax levied for the previous year.[32] It is the control over the levy amount that distinguishes a recreation system from a library board that can require a municipality to levy a tax in an amount determined by the library board.[33] Because a city or school district has a modicum of control over a recreation commission's tax levy, it is our opinion that the city or school district levying the tax on behalf of a recreation commission is the "taxing subdivision" for purposes of K.S.A. 2001 Supp.79-5040.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 12-1927(a), as amended by L. 2002, Ch. 176, § 2.
[2] Emphasis added.
[3] Emphasis added.
[4] Hamilton v. State Farm Fire and Cas. Co., 263 Kan. 875, 879
(1998).
[5] L. 1999, Ch. 154.
[6] Minutes, Senate Assessment Taxation Committee, Attachment 2 (Feb. 11, 1999).
[7] K.S.A. 79-5021 — 79-5036. These provisions expired on July 1, 1999. See Sandra Craig McKenzie and Eric Milstead, Survey of KansasLaw: Taxation, 37 K.L.R. 961, 963-966 (1989).
[8] K.S.A. 79-5022(a); K.S.A. 79-5038.
[9] Minutes, Senate Assessment Taxation Committee, Attachment 1 (Feb. 11, 1999).
[10] This accountability is reflected in Section 21 of the Tax Reform Relief Act of 1999 [now K.S.A. 2001 Supp. 79-2925b] which requires certain governing bodies of certain taxing subdivisions to adopt a resolution/ordinance if they intend to increase their budgets.
[11] There are other taxing subdivisions that have incremental mill levy limitations in addition to maximum levy limitations: K.S.A. 12-1215
(Topeka, Salina, and Hutchinson city libraries); 12-1267 (library districts); 12-1276 (Leavenworth and Leavenworth County library district); 15-1015 (cemetery districts in cities of the third class); 72-1623a (libraries in cities of the first class).
[12] K.S.A. 2001 Supp. 79-5040.
[13] K.S.A. 12-1927, as amended by L. 2002, Ch. 176, § 2(b).
[14] Id.
[15] "In 1999, and in each year thereafter, all existing statutory fund mill levy rate . . . limitations on taxing subdivisions are hereby suspended." (Emphasis added).
[16] K.S.A. 12-1927(a), as amended by L. 2002, Ch. 176, § 2.
[17] K.S.A. 79-5021 et seq.
[18] Attorney General Stephan concluded that a public library which can mandatorily require a city, county or township to levy a tax for library purposes is a "taxing subdivision" for purposes of the "tax lid" law.
[19] K.S.A. 79-5022(a).
[20] L. 1999, Ch. 154.
[21] K.S.A. 2001 Supp. 79-2925b requires, with some exceptions, the adoption of a resolution if the governing body of certain "taxing subdivisions" approve a budget which is funded by property tax revenue and which provides for funding in an amount that exceeds the previous year's budget.
[22] Attorney General Opinion No. 87-167 (a public library which can mandatorily require a city, county or township to levy a tax for library purposes is a taxing subdivision for purposes of K.S.A. 79-5021, i.e. the tax lid law).
[23] Sections 21 and 72 (now K.S.A. 2001 Supp. 79-2925b and 79-5040).
[24] In re County Seat of Linn County, 15 Kan. 500 (1875) (whenever the Legislature has used a word in a statute in one sense and with one meaning, and then uses the same words in legislating on the same subject-matter, it will be understood as using it in the same sense, unless the context requires otherwise; Williams v. Bd. of Ed. of City ofWichita, 198 Kan. 115 (1967) (identical words or terms used in different statutes on specific subject are interpreted to have same meaning unless the context requires otherwise).
[25] K.S.A. 12-1927, as amended by L. 2002, Ch. 176, § 2.
[26] K.S.A. 12-1924.
[27] K.S.A. 12-1927(a), as amended by L. 2002, Ch. 176, § 2.
[28] Id. (emphasis added).
[29] Id.
[30] Attorney General Opinion No. 92-65 (hospital district board is a "taxing subdivision" because it has the power to determine the levy and to certify that levy to the county clerk; county has no power to modify or decline to levy amount fixed by hospital board); Attorney General Opinion No. 90-76 (county extension council is not a "taxing subdivision" because it submits budget to county commission; county commission can amend budget and certify to the clerk the amount of tax necessary to fund the council).
[31] K.S.A. 12-1927, as amended by L. 2002, Ch. 176, § 2.
[32] See Minutes, House Committee on Local Government, Attachment 2 3, (March 2, 1987).
[33] K.S.A. 12-1220.